J-S66018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EDWARD SCOTT | |
| Appellant | No. 441 MDA 2016 |

Appeal from the PCRA Order March 10, 2016
In the Court of Common Pleas of Fulton County
Criminal Division, at No(s): CP-29-CR-0000175-2011

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 13, 2016**

Edward Scott ("Appellant") appeals from the order denying his serial petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The pertinent facts and procedural history may be summarized as follows. On November 15, 2012, Appellant was tried before a jury, *in absentia*, and was convicted of aggravated and simple assault as a result of his attack on his cousin, Matthew Deller (the "victim"), on March 24, 2011. On December 18, 2012, the trial court sentenced Appellant, once again *in absentia*, to a term of 90 to 180 months of imprisonment. Although counsel was appointed to represent Appellant at trial and at sentencing, counsel filed neither a post-sentence motion nor a direct appeal on Appellant's behalf.

On May 2, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and PCRA counsel filed an amended petition. Within the amended petition, Appellant asserted that his constitutional rights were violated when a jury was selected in his absence and that trial counsel was ineffective for failing to preserve this issue and raise it on direct appeal. The Commonwealth filed an answer. Although the PCRA court found no need for an evidentiary hearing, it directed the parties to brief the legal issue. By opinion and order entered January 7, 2014, the PCRA court dismissed Appellant's amended petition. Appellant filed a timely appeal. In an unpublished memorandum filed on June 27, 2014, we adopted the PCRA court's opinion as our own and affirmed the denial of post-conviction relief. **See Commonwealth v. Scott**, 105 A.3d 48 (Pa. Super. 2014) (Table). On February 24, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. **See Commonwealth v. Scott**, 110 A.3d 997 (Pa. 2015) (Table).

On May 20, 2015, Appellant filed a *pro se* "Motion to Reinstate Petitioner's Appellant [sic] Rights Nunc Pro Tunc." The Commonwealth filed its answer on June 5, 2015. On June 24, 2015, Appellant filed a *pro se* "Motion to Amend PCRA Petition." Treating the *pro se* filings as Appellant's second PCRA petition, on July 9, 2015, the PCRA court issued notice of its intent to dismiss the second petition without a hearing. In an accompanying opinion, the PCRA court stated that Appellant's second petition was untimely, and that he did not allege any time bar exception.

Appellant filed his response on July 29, 2015. Appellant claimed he met two exceptions to the PCRA's time bar, including the newly-discovered evidence exception. In support of this exception, Appellant asserted that the victim wrote him a letter in which the victim stated that the district attorney and the victim's state parole officer "coerced [him] into changing his testimony." Response, 7/29/15, at 2. Appellant did not include a copy of the victim's letter.

By order entered September 15, 2015, the PCRA court dismissed Appellant's second PCRA petition. In doing so, the PCRA court explained why Appellant failed to establish the newly-discovered time bar exception. With regard to the victim's letter, the PCRA court stated that Appellant had "not pleaded any facts upon which this Court could reasonably conclude when said letter was written by the victim or received by [Appellant]." Order, 9/15/15, at 2. Thus, the PCRA court dismissed Appellant's second PCRA petition as untimely. Appellant did not appeal the denial of his second PCRA petition.

Appellant filed the *pro se* PCRA petition at issue on October 7, 2015. Within this petition, Appellant asserted that he had newly-discovered an unsworn affidavit from the victim in the form of a letter, dated September 4, 2015, in which the victim stated, "[t]he [district attorney] forced me to testify against [Appellant] or [I] would get violated on my probation[,] I told the [district attorney] I didn't want to testify[.]" Affidavit, 9/4/15, at 1. The Commonwealth filed an answer. Appellant then filed a *pro se* rebuttal to the

Commonwealth's answer. By opinion and order on January 7, 2016, the PCRA court dismissed Appellant's third PCRA petition without a hearing because it was frivolous.

Although the January 2016 order appeared to be a final dismissal, the PCRA court subsequently characterized it as providing notice of its intent to dismiss and granted Appellant's request for an extension of time in which to file his response. *See* Order, 1/29/16, at. 1. Appellant duly filed a response. Attached as exhibits, Appellant included not only the September 4, 2015 letter from the victim, but also a letter written by the victim, on July 10, 2011, to the district attorney, in which the victim stated that he wanted to drop the charges against Appellant. The victim informed the district attorney, "All I want to come out of this is that the hospital bills are paid and a restraining order for my wife. And a total amount of $300.00 placed [in my prison account]." After reviewing this response, the PCRA court, by order entered March 10, 2016, denied Appellant's third PCRA petition. This timely appeal follows.

Appellant raises the following issues:

  I.    Is Appellant entitled to relief on this subsequent PCRA petition, and a new trial, and/or an evidentiary hearing based on newly discovered evidence; evidence that if presented at trial would have changed the outcome of the proceedings, thus found Appellant not guilty [sic]?

  II.   Did the [PCRA] court [err] when it failed to address [Appellant's] timely PCRA petition alleging additional newly discovered evidence; evidence that if presented at trial would have changed the outcome

of the proceeding, [that is,] finding Appellant not guilty?

III.    Did the prosecutor commit prosecutorial misconduct, when the prosecutor threatened and intimidated the alleged victim, and verified his testimony to be truthful, and did the prosecutor commit trial by ambush when he surprised the defense with the [victim's] state parole officer, and the false testimony that he gave?

IV.    Did the prosecutor violate [Appellant's] due process right[s]?

Appellant's Brief at 4 (excess capitalization omitted).

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Because this is Appellant's third petition for post-conviction relief, he must meet a stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may

have occurred." ***Commonwealth v. Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Id***. (citations omitted).

The timeliness of a post-conviction petition is jurisdictional. ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final, unless the petition alleges and proves an exception to the time for filing the petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claims could have been presented." ***Hernandez***, 79 A.3d 651-652 (citing 42 Pa.C.S.A. § 9545(b)(2)). Exceptions to the time bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant's judgment of sentence became final on January 17, 2013, when the thirty-day time period for filing an appeal to this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant had until January 17, 2014,

to file a timely PCRA petition. As Appellant filed the instant petition on October 7, 2015, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies.

Appellant claims that he timely filed the PCRA petition at issue within sixty days of receiving the victim's September 4, 2015 letter. When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1270-1272 (Pa. 2007). The determination of timeliness does not require a merits analysis. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008).

In its Pa.R.A.P. 1925(a) opinion, the PCRA court acknowledges its failure to discuss the timeliness of Appellant's third petition prior to addressing its merits. *See* PCRA Court Opinion, 5/3/16, at 4. In rejecting Appellant's claim that his appeal is timely, the PCRA court found that Appellant did not demonstrate the exercise of due diligence. As explained by the PCRA court: "The September 4, 2015 'letter' from [the victim] was clearly written *after* Second Petition was dismissed, yet after the allegation of newly discovered evidence was raised." *Id*. at 8.

Thus, the PCRA court concluded that, although it originally addressed the merits of Appellant's newly-discovered evidence, it should have dismissed the third PCRA petition as untimely. We agree. The record establishes that Appellant knew of the victim's purported September 4, 2015 letter because he relied on it as a basis to establish (unsuccessfully) the timeliness of his *second* PCRA petition filed in May 2015. Thus, Appellant knew of the contents of the letter at that time. Our review of the record supports the PCRA court's conclusion that "Appellant attempted to remedy the error in his [second PCRA petition]" by including a dated letter in his PCRA petition. ***Id***. at 7. Unfortunately for Appellant, despite the date of the letter, the record establishes that he knew of the information earlier.

Indeed, our own review indicates that Appellant, in the exercise of due diligence, could have discovered the victim's coercion claim earlier than the time he filed his second PCRA petition in May 2015. Specifically, the victim's July 2011 letter to the district attorney was read at Appellant's trial, and the victim was cross-examined about it by defense counsel. Further, prior to sentencing, the victim sent a letter to the trial court in which he stated that he was forced to testify. ***See*** Letter, 11/28/12, at 1. Although Appellant was tried and sentenced *in absentia*, the record establishes that Appellant's mother was aware of the victim's claim because she was present at

Appellant's trial and, at all times, served as the liaison between the victim, the trial court, and Appellant.[1] *See* N.T., 11/15/12, at 8.

In sum, the PCRA court correctly determined that Appellant failed to exercise due diligence in filing his newly-discovered evidence claim. We affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2016

---

[1] We further note that, although the PCRA court characterized the victim's letter as a recantation of his trial testimony, at no time had the victim ever stated that Appellant did not assault him.